IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARC ARDIS,<br><br>    Petitioner,<br><br>    v.<br><br>THE ATTORNEY GENERAL OF THE<br>STATE OF NEW JERSEY, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2912 (JBS)<br><br>**OPINION** |

MARC ARDIS, Petitioner Pro Se
118171/922004B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

DAMON G. TYNER, Atlantic County Prosecutor
JOHN J. SANTOLIQUIDO, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd, Suite 2
PO Box 2002
Mays Landing, New Jersey 08330
    Attorney for Respondents

**SIMANDLE, U.S. District Judge:**

**I. INTRODUCTION**

This matter comes before the Court on Respondents' motion to dismiss the petition for writ of habeas corpus as time-barred. Motion to Dismiss, Docket Entry 6. Pro se Petitioner Marc Ardis opposes the motion. Opposition, Docket Entry 9. The matter is being decided on the papers pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court will reserve ruling on the motion pending supplemental briefing.

## II. BACKGROUND

After a jury trial following a waiver from juvenile court, Petitioner received a sixty-eight year sentence for first-degree aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2(a); third-degree aggravated criminal sexual conduct, N.J. STAT. ANN. § 2C:14-3(a); second-degree burglary, N.J. STAT. ANN. § 2C:18-2; second-degree sexual assault, N.J. STAT. ANN. § 2C:14-2(c); third-degree terroristic threats, N.J. STAT. ANN. § 2C:12-3(a); and first-degree kidnapping, N.J. STAT. ANN. § 2C:13-1(b). Motion Exhibit 1. The judgment of conviction was entered on June 1, 1993. *Id.* Petitioner appealed to the Superior Court of New Jersey, Appellate Division ("Appellate Division").

The Appellate Division affirmed his convictions, but remanded to the trial court for reconsideration of the sentence under state law as "defendant, a sixteen-year old at the time of the offenses, will be in prison without parole eligibility until he is seventy-four years of age." *State v. Ardis*, No. A-508-93 (N.J. Super. Ct. App. Div. Jul. 18, 1995) (per curiam) (slip op. at 7); Motion Exhibit 2. The New Jersey Supreme Court denied certification on November 8, 1995. *State v. Martin*, 670 A.2d 1062 (N.J. 1995); Motion Exhibit 3.

Petitioner was resentenced on October 16, 1996. The court revised Petitioner's sentence to a custodial term of fifty

2

years, the entirety of which Petitioner would be ineligible for parole. Motion Exhibit 4.

Petitioner filed a petition for post-conviction relief ("PCR") in the state courts on April 11, 1997. Motion Exhibit 5. The PCR court denied the petition without an evidentiary hearing on September 29, 1997. Motion Exhibit 6. Petitioner appealed on July 22, 2002, Motion Exhibit 7, and the Appellate Division granted leave to appeal nunc pro tunc on August 22, 2002. *See State v. Ardis*, No. A-6161-01 (N.J. Super. Ct. App. Div. Jan. 9, 2004) (per curiam) (slip op. at 3 n.2); Motion Exhibit 8. The Appellate Division reversed the denial of PCR and remanded for further proceedings. *Id.*

The PCR petition was again denied without an evidentiary hearing on December 21, 2005. Motion Exhibit 9. The Appellate Division affirmed. *State v. Ardis*, No. A-4602-05, 2007 WL 3342104, at *2 (N.J. Super. Ct. App. Div. Nov. 13, 2007); Motion Exhibit 10. The New Jersey Supreme Court denied certification on February 21, 2008. *State v. Ardis*, 944 A.2d 31 (N.J. 2008); Motion Exhibit 11.

On August 11, 2008, Petitioner submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this Court, accompanied by a motion for a stay and abeyance pending a return to the state courts. *Ardis v. Ricci*, No. 08-4301 (D.N.J.

filed Aug. 22, 2008) (Docket Entry 1). This Court granted his *in forma pauperis* application and issued a *Mason*[1] Notice and Order on October 9, 2008. No. 08-4301, Docket Entries 2 & 3. Petitioner wrote back to the Court inquiring as to the status of the motion for a stay, and the Court ordered Respondents to respond to the stay motion. No. 08-4301, Docket Entries 4 & 5. Respondents filed a letter opposing the stay on March 11, 2009. No. 08-4301, Docket Entry 8. The Court granted Petitioner's motion for a stay on May 19, 2010. No. 08-4301, Docket Entry 15.[2]

On April 28, 2017, Petitioner submitted an amended § 2254 petition. It was assigned to the Honorable Renée Marie Bumb, U.S.D.J., and reassigned to the undersigned on June 8, 2017. The Court ordered Respondent to answer or file an appropriate motion on July 13, 2017. Order to Answer, Docket Entry 3. Respondent filed the instant motion to dismiss on August 18, 2017.

Respondent argues the § 2254 petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as Petitioner did not comply with this Court's order staying the

---

[1] *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).
[2] On August 11, 2014, the Court received a letter from Petitioner expressing difficulties with his PCR proceedings and counsel. No. 08-4301, Docket Entry 16. The Court temporarily vacated the stay order and reopened the matter solely to respond to Petitioner's letter, and informed Petitioner that the Court was unable to provide him with legal advice. No. 08-4301, Docket Entries 17 and 18. The Court reinstated the stay order on September 19, 2014. No. 08-4301, Docket Entry 19.

4

habeas proceedings, which required Petitioner to return to the state courts within 30 days. Petitioner opposes the motion, arguing his PCR attorneys were ineffective in preparing and presenting his PCR petitions, causing significant delays in the state court proceedings.

**III. STANDARD OF REVIEW**

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[3]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

**IV. ANALYSIS**

Respondents argue the petition became untimely when Petitioner failed to comply with this Court's stay orders of May 19, 2010 and September 19, 2014. However, it appears Petitioner's § 2254 petition was untimely before it was filed on August 11, 2008.

Petitioner's conviction became final within the meaning of AEDPA at the latest on January 14, 1997, 90 days after the filing of the amended judgment of conviction. Motion at 3. *See also Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (noting AEDPA limitations period does not begin "until both

---

[3] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

[petitioner's] conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'" (emphasis in original)); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). The limitations period ran for 87 days before it was statutorily tolled when Petitioner filed his first PCR petition on April 11, 1997. 28 U.S.C. § 2244(d)(2).

Petitioner's first PCR petition was dismissed on September 29, 1997, and he did not file a notice of appeal until July 22, 2002. *See* Motion Exhibit 7. Respondent states that the period of time between September 29, 1997 and July 22, 2002 does not count towards the statute of limitations because the Appellate Division granted Petitioner's motion to file the appeal out of time. Motion at 4. The Third Circuit has recently stated in an unpublished decision that "the time between the request to consider the [appeal] as within time and the decision to accept the [appeal] as within time" is tolled under § 2244(d)(2). *Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 124 (3d Cir. 2017). *See also Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) ("[T]he right period of exclusion is all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the

default) . . . .")). The Court of Appeals did not, however, toll the time *before* the motion was filed. *Thompson*, 701 F. App'x at 124.

"A prisoner's 'properly filed' application for state collateral review statutorily tolls AEDPA's limitation period *during the time it is 'pending.'*" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (emphasis added). "[A] state court's practice of accepting a pleading [is] an important indication that the pleading is properly filed," *id.* at 87, but the Court of Appeals has not ruled in a precedential opinion whether a collateral relief petition is "pending" prior to the filing of a motion for leave to file an out of time appeal.

"[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought." *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). Petitioner had forty-five days, until November 13, 1997, to file a timely appeal in the Appellate Division. N.J. Ct. R. 2:4-1(a). If Petitioner's first PCR petition was no longer "pending" on November 14, 1997, AEDPA's statute of limitations began to run again and expired 278 days[4] later on <u>August 18, 1998</u>, expiring well before Petitioner filed his motion to file

---

[4] 365 minus 87 = 278 days.

an out-of-time appeal on July 22, 2002. Using these calculations, there would have been nothing left to toll by the time the motion was filed in 2008. As the Court is raising this issue *sua sponte*, the parties will have an opportunity to supplement their briefs to address this issue. Petitioner may also supplement his equitable tolling argument to account for the period of time between September 29, 1997 and July 22, 2002.

## IV. CONCLUSION

For the reasons stated above, the Court reserves ruling on the motion to dismiss pending supplemental briefing. The motion shall be administratively terminated, subject to reopening upon completion of the supplemental briefing which is due 45 days from each party.  An appropriate order follows.

| | |
|---|---|
| **March 5, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |