IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC ARDIS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 17-2912 (JBS) |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | **OPINION** |
| Respondents. | |

MARC ARDIS, Petitioner Pro Se
118171/922004B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

DAMON G. TYNER, Atlantic County Prosecutor
     By: JOHN J. SANTOLIQUIDO, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd, Suite 2
PO Box 2002
Mays Landing, New Jersey 08330
     Attorney for Respondents

**SIMANDLE, U.S. District Judge:**

**I. INTRODUCTION**

This is a continuation of Respondents' motion to dismiss the petition for writ of habeas corpus as time-barred. Motion to Dismiss, Docket Entry 6. The Court reserved its decision and administratively terminated the motion on March 6, 2018 after directing the parties to submit supplemental briefing. March 6, 2018 Opinion and Order, Docket Entries 11 & 12. Pro se Petitioner Marc Ardis opposes the motion and requests equitable

tolling. Opposition, Docket Entry 9; Motion for Equitable

Tolling, Docket Entry 14. The matter is being decided on the

papers pursuant to Federal Rule of Civil Procedure 78.

The principal issues to be decided are: (1) whether

Petitioner's post-conviction relief petition was "pending" in

the state court between September 29, 1997 and July 22, 2002,

and if not, (2) whether Petitioner is entitled to equitable

tolling of that time. For the reasons stated below, the Court

finds that the post-conviction relief petition was not "pending"

in the state court during the relevant time and that Petitioner

is not entitled to equitable tolling. Respondent's motion to

dismiss is therefore granted.

## II. BACKGROUND

After a jury trial following a waiver from juvenile court,[1]

Petitioner received a sixty-eight year sentence for first-degree

aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2(a); third-

degree aggravated criminal sexual conduct, N.J. STAT. ANN. §

2C:14-3(a); second-degree burglary, N.J. STAT. ANN. § 2C:18-2;

second-degree sexual assault, N.J. STAT. ANN. § 2C:14-2(c); third-

degree terroristic threats, N.J. STAT. ANN. § 2C:12-3(a); and

first-degree kidnapping, N.J. STAT. ANN. § 2C:13-1(b).

---

[1] Petitioner was sixteen at the time of his offenses.

Respondent's Exhibit 1.[2] The judgment of conviction was entered

on June 1, 1993. *Id.* Petitioner appealed to the Superior Court

of New Jersey, Appellate Division ("Appellate Division").

 The Appellate Division affirmed his convictions but

remanded to the trial court for resentencing. *State v. Ardis*,

No. A-508-93 (N.J. Super. Ct. App. Div. Jul. 18, 1995) (per

curiam) (slip op. at 7); Respondent's Exhibit 2. The appellate

court instructed the trial court to make the sentences

concurrent instead of consecutive. "Defendant will still be

subject to a fifty-year parole-ineligibility term, and not be

eligible for parole until he is sixty-six years old." *Id.* The

New Jersey Supreme Court denied certification on November 8,

1995. *State v. Martin*, 670 A.2d 1062 (N.J. 1995); Respondent's

Exhibit 3. The trial court resentenced Petitioner on October 16,

1996. Respondent's Exhibit 4.

 Petitioner filed a petition for post-conviction relief

("PCR") in the state courts on April 11, 1997. Respondent's

Exhibit 5. The PCR court denied the petition without an

evidentiary hearing on September 29, 1997. Respondent's Exhibit

6. Petitioner appealed on July 22, 2002, Respondent's Exhibit 7,

and the Appellate Division granted leave to appeal nunc pro tunc

---

[2] "Respondent's Exhibit" refers to exhibits submitted with the
motion to dismiss, Docket Entry 6.

on August 22, 2002. *See State v. Ardis*, No. A-6161-01 (N.J.

Super. Ct. App. Div. Jan. 9, 2004) (per curiam) (slip op. at 3

n.2); Respondent's Exhibit 8. The Appellate Division reversed

the denial of PCR and remanded for further proceedings.[3] *Id.*

The PCR petition was again denied without an evidentiary

hearing on December 21, 2005. Respondent's Exhibit 9. The

Appellate Division affirmed. *State v. Ardis*, No. A-4602-05, 2007

WL 3342104, at *2 (N.J. Super. Ct. App. Div. Nov. 13, 2007);

Respondent's Exhibit 10. The New Jersey Supreme Court denied

certification on February 21, 2008. *State v. Ardis*, 944 A.2d 31

(N.J. 2008); Respondent's Exhibit 11.

On August 11, 2008, Petitioner submitted a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this

Court, accompanied by a motion for a stay and abeyance pending a

return to the state courts. *Ardis v. Ricci*, No. 08-4301 (D.N.J.

filed Aug. 22, 2008) (Docket Entry 1). This Court granted his *in

forma pauperis* application and issued a *Mason*[4] Notice and Order

on October 9, 2008. No. 08-4301, Docket Entries 2 & 3.

---

[3] The remand was based on a New Jersey Supreme Court case
interpreting New Jersey Court Rule 3:22-6, which requires PCR
counsel "'to advance any grounds insisted on by defendant
notwithstanding that counsel deems them without merit.'" *State
v. Rue*, 811 A.2d. 425, 433 (N.J. 2002) (quoting N.J. Ct. R.
3:22-6). *See also State v. Ardis*, No. A-6161-01 (N.J. Super. Ct.
App. Div. Jan. 9, 2004) (per curiam) (slip op. at 6).
[4] *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

Petitioner wrote back to the Court inquiring as to the status of the motion for a stay, and the Court ordered Respondents to respond to the stay motion. No. 08-4301, Docket Entries 4 & 5. Respondents filed a letter opposing the stay on March 11, 2009. No. 08-4301, Docket Entry 8. The Court granted Petitioner's motion for a stay on May 19, 2010. No. 08-4301, Docket Entry 15.[5]

On April 28, 2017, Petitioner submitted an amended § 2254 petition. It was assigned to the Honorable Renée Marie Bumb, U.S.D.J., and reassigned to the undersigned on June 8, 2017. The Court ordered Respondent to answer or file an appropriate motion on July 13, 2017. Order to Answer, Docket Entry 3.

Respondent filed a motion to dismiss, arguing that the § 2254 petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as Petitioner did not comply with this Court's order staying the habeas proceedings, which required Petitioner to return to the state courts within 30 days. Petitioner opposes the motion, arguing his PCR attorneys were ineffective in preparing and presenting his PCR petitions,

---

[5] On August 11, 2014, the Court received a letter from Petitioner expressing difficulties with his PCR proceedings and counsel. No. 08-4301, Docket Entry 16. The Court temporarily vacated the stay order and reopened the matter solely to respond to Petitioner's letter, and informed Petitioner that the Court was unable to provide him with legal advice. No. 08-4301, Docket Entries 17 and 18. The Court reinstated the stay order on September 19, 2014. No. 08-4301, Docket Entry 19.

causing significant delays in the state court proceedings. *See* Opposition.

In reviewing the motion, the Court concluded that the petition may have been untimely even before the original § 2254 petition was filed on August 11, 2008 due to the length of time between the denial of Petitioner's PCR petition, September 29, 1997, and his filing of a notice of appeal, July 22, 2002. March 6, 2018 Opinion and Order. It directed the parties to submit supplemental briefing on whether the PCR petition remained "pending" under state law during that time and gave Petitioner an additional opportunity to argue for the application of equitable tolling. *See* Respondent's Supplemental Brief, Docket Entry 13; Motion for Equitable Tolling, Docket Entry 14.

## III. STANDARD OF REVIEW:  STATUTE OF LIMITATIONS FOR FILING PETITION UNDER § 2254

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

> laws of the United States is removed, if the
> applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and
> made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate
> of the claim or claims presented could have
> been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).[6]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

---

[6] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

## IV. ANALYSIS

### A. Pendency of Post-Conviction Relief Petition

As previously noted by the Court, Petitioner's conviction became final within the meaning of AEDPA at the latest on January 14, 1997, 90 days after the filing of the amended judgment of conviction. March 6, 2018 Opinion at 6 (citing *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007). The limitations period ran for 87 days before it was statutorily tolled when Petitioner filed his PCR petition on April 11, 1997. 28 U.S.C. § 2244(d)(2).

To qualify for statutory tolling, a post-conviction petition must be "properly filed" and "pending" in the state courts. *Id.* Petitioner's PCR petition was dismissed on September 29, 1997, and he did not file a notice of appeal until July 22, 2002. *See* Respondent's Exhibit 7. The decision of the Appellate Division to accept the appeal nunc pro tunc indicates the appeal was properly filed as of July 22, 2002. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 87 (3d Cir. 2013) ("[A] state court's practice of accepting a pleading [is] an important indication that the pleading is properly filed."). Only "the time between the request to consider the [appeal] as within time and the decision to accept the [appeal] as within time" is tolled under § 2244(d)(2). *Thompson v. Adm'r N.J. State*

*Prison*, 701 F. App'x 118, 124 (3d Cir. 2017). The PCR petition was not "pending" in the state courts prior to July 22, 2002, however.

In *Thompson*, the Third Circuit noted "an application is 'pending' during the period 'between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided* that the filing of the notice of appeal is timely under state law.'" *Id.* at 121 (quoting *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original)). Petitioner had forty-five days, until November 13, 1997, to file a timely appeal in the Appellate Division. N.J. Ct. R. 2:4-1(a). *See also Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000)("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."). There is no question that Petitioner failed to file an appeal from the denial of his PCR by November 13, 1997. Therefore, AEDPA's statute of limitations began to run again on November 14, 1997 and expired 278 days[7] later on August 18, 1998.

Petitioner is not entitled to statutory tolling because his one-year limitation period under AEDPA expired nearly four years before Petitioner filed his motion to file an out-of-time appeal

_____

[7] 365 − 87 = 278.

on July 22, 2002. Respondent's motion to dismiss must therefore be granted unless Petitioner is entitled to equitable tolling.

## B. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "Mere excusable neglect is not sufficient." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

Attorney abandonment can constitute extraordinary circumstances. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). *See also Ross*, 712 F.3d at 800 (holding attorney malfeasance may warrant equitable tolling "when combined with reasonable diligence on the part of the

petitioner in pursuit of his rights"). However, the Court need
not determine whether Petitioner was abandoned by his attorney
because Petitioner has not established that he acted with
reasonable diligence. He must establish both elements to be
entitled to equitable tolling. *Menominee Indian Tribe of Wis. v.
United States*, 136 S. Ct. 750, 756 (2016) ("[W]e have expressly
characterized equitable tolling's two components as 'elements,'
not merely factors of indeterminate or commensurable weight.").

The obligation to act with reasonable diligence "'does not
pertain solely to the filing of the federal habeas petition,
rather it is an obligation that exists during the period
appellant is exhausting state court remedies as well.'" *Ross*,
712 F.3d at 799 (quoting *LaCava*, 398 F.3d at 277). Based on the
materials submitted by Petitioner in support of his equitable
tolling arguments, he was not reasonably diligent in pursuing
the appeal of his PCR denial.

Petitioner's PCR was denied in September 1997. According to
Petitioner, he was in disciplinary segregation from September
1997 to January 1998. On September 24, 1999, Petitioner wrote to
the Office of the Public Defender asking about his appeal,
indicating that he had asked his PCR counsel "to put in another
appeal for me on the decision." Opposition, Docket Entry 9-1 at
5. He indicated he had not heard from his PCR counsel since his

11

PCR petition was denied. *Id.* A paralegal from the Public

Defender's Office wrote back to Petitioner on October 31, 2000.

*Id.* at 10. The letter states:

> [W]e will probably need a statement from you as to what
> steps you took to file your appeal. You mentioned that
> you requested an appeal from [PCR counsel]. When did you
> request it? Why didn't you write our office sooner[?]
> You said you were in detention from September 15, 1997
> to January 13, 1998. Why didn't you write to our office
> after you got out of detention? Why couldn't you write?
> Can you elaborate? Please be as detailed in your response
> as possible as to what steps you took to file your appeal
> so that we can explain the two year delay in contacting
> this office.

*Id.* The next letter from Petitioner to the Public Defender's

Office is dated February 17, 2001. *Id.* at 4. He vaguely stated

that he had "been trying to bring this to Appeal Division

awareness, that counsel didn't consider Defendant right to

appeal." *Id.* No further information is provided about any steps

Petitioner may have taken regarding his appeal. Petitioner's

next letter to the Public Defender's Office is dated April 4,

2002. *Id.* at 11. He stated that his PCR counsel did not write to

him or instruct Petitioner how to appeal his PCR denial. *Id.*

Petitioner certified in support of his motion to file his

nunc pro tunc appeal that he did not find out his PCR had been

denied until PCR counsel sent him a letter on May 11, 1999.[8]

Certification in Support of Nunc Pro Tunc Appeal, Docket Entry

---

[8] Petitioner did not supply this letter from PCR counsel.

14 ¶ 12. The Court accepts this fact as true for purposes of the

motion to dismiss, but Petitioner was not reasonably diligent in

pursuing his appeal even if the Court equitably tolled the time

prior to May 11, 1999. Petitioner waited four months to contact

the Public Defender's Office about his appeal in September 1999.

*See* Docket Entry 9-1 at 5. Four months by itself is not

unreasonable, but he did not take any other action regarding his

appeal when the Public Defender's Office did not respond to him

for almost a year.[9] Although the Court does not condone the

lengthy response time, it was not reasonable for Petitioner to

wait a year before taking any other action on his appeal. *See*

*LaCava v. Kyler*, 398 F.3d 271, 279 (3d Cir. 2005)(noting

"twenty-one months of inactivity ... crosses the line of what

constitutes due diligence for purposes of employing that

principle to save an otherwise untimely filing"). *See also*

*Holland v. Florida*, 560 U.S. 631, 653 (2010) (finding reasonable

diligence where petitioner "not only wrote his attorney numerous

letters seeking crucial information and providing direction[,]

---

[9] Petitioner's letters to an inmate paralegal and letters to the
Atlantic County Criminal Division concern a "second" PCR
petition, not his PCR appeal. *See, e.g.,* November 20, 2000
Letter to Judge Greenberg, Docket Entry 14 at 23 (requesting
court file second PCR petition and assign counsel). The
Appellate Division addressed the claims raised in Petitioner's
April 2000 affidavit in its opinion and order. *See State v.*
*Ardis*, No. A-6161-01 (N.J. Super. Ct. App. Div. Jan. 9, 2004)
(per curiam) (slip op at 3 n.2).

[but] also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [counsel] ... removed from his case").

Moreover, it was not reasonably diligent under the circumstances for Petitioner to wait two more years to file his nunc pro tunc motion once he learned no appeal had been filed on his behalf. *See* Certification in Support of PCR, Docket Entry 14 at 11 ¶ 3 ("In March of 2000 I finally found a jailhouse lawyer that I could trust and he explained to me that I needed to find new grounds and *stop waiting* for [PCR counsel] or the Public Defender's Office to appeal the court's September 19th ruling.") (emphasis added). *See also Holland*, 560 U.S. at 653 ("And, the *very day* that Holland discovered that his AEDPA clock had expired due to [counsel's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court." (emphasis in original)); *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004) (denying equitable tolling based on lack of reasonable diligence where prisoner "knew that [counsel] had done little, if anything, to pursue [post-conviction] relief for more than two years"). The lack of reasonable diligence on Petitioner's part in pursuing a PCR appeal breaks any nexus between counsel's failure to file an appeal and Petitioner's failure to file a timely habeas petition. *Ross v. Varano*, 712

F.3d 784, 803 (3d Cir. 2013). The motion to dismiss the habeas corpus petition as untimely is granted.

## C. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

## V. CONCLUSION

For the reasons stated above, the Petitioner's request for equitable tolling is denied, and the motion to dismiss is

15

granted. The petition is dismissed as untimely, and no

certificate of appealability shall issue. An appropriate order

follows.


**October 30, 2018**                          **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              U.S. District Judge